**Reyes Ivan ESPINOZA, Petitioner,**

v.

**John ASHCROFT, U.S. Attorney General, Respondent.**

No. 03–60807.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 13, 2004.

Albert Armendariz, Sr., El Paso, TX, for Petitioner.

Thomas Ward Hussey, Director, Washington, DC, for Respondent.

John Ashcroft, Washington, DC, pro se.

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM: *

Reyes Ivan Espinoza petitions this court for review of the Board of Immigration Appeals' ("BIA") decision affirming, without opinion, the Immigration Judge's ("IJ") order denying his application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b). Espinoza challenges as "arbitrary and irrational" the IJ's determination that he had failed to establish either the statutory requirement of 10 years of continuous physical presence in the United States or that his four children would suffer "exceptional and extremely unusual hardship" if the family were removed to Mexico.

Because this case involves the granting of relief under 8 U.S.C. § 1229b(b), the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B)(i) is implicated. *See Garcia–Melendez v. Ashcroft,* 351 F.3d 657, 661 (5th Cir.2003). The jurisdiction-stripping provision eliminates jurisdiction over those decisions that involve the exercise of discretion. *Mireles–Valdez v. Ashcroft,* 349 F.3d 213, 216 (5th Cir.2003). The IJ's determination that Espinoza's children would not suffer an "exceptional and extremely unusual hardship" if Espinoza were deported to Mexico involved the exercise of discretion. *Rueda v. Ashcroft,* 380 F.3d 831 (5th Cir.2004), 380 F.3d 831, 2004 WL 1747388 at *1. Therefore, this court lacks jurisdiction to review the IJ's determination on hardship, and Espinoza's petition is DISMISSED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.